**NOT FOR PUBLICATION**



UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| A. G., a minor by and through his parent and guardian ad litem C.G., <br><br> Plaintiff - Appellant, <br><br> v. <br><br> PASO ROBLES JOINT UNIFIED SCHOOL DISTRICT, <br><br> Defendant - Appellee. | No. 12-56516 <br><br> D.C. No. 2:11-cv-08814-ODW-CW <br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the Central District of California
Otis D. Wright II, District Judge, Presiding

Submitted March 6, 2014[**]
Pasadena, California

Before: BYBEE, BEA, and IKUTA, Circuit Judges.

---

      [*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

      [**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

A.G., a minor with learning and developmental disabilities and behavioral problems,[1] and his parents (cumulatively, A.G.) filed this action challenging the education programs that the Paso Robles Joint Unified School District (school district) offered to A.G. Affirming an administrative law judge's (ALJ) decision, the district court granted summary judgment in favor of the school district. A.G. appeals, arguing that the school district denied him a Fair and Appropriate Public Education (FAPE). Our review is de novo, *M.L. v. Fed. Way Sch. Dist.*, 394 F.3d 634, 642 (9th Cir. 2005), and we affirm.[2]

The Individuals with Disabilities Education Act (IDEA) and California law provide that disabled students shall receive a FAPE through Individualized Education Programs (IEP). 20 U.S.C. §§ 1400(d)(1)(A), 1414(d)(1)(A)(i)(I-IV); Cal. Educ. Code § 56000(a). Under the IDEA, a FAPE is guaranteed, in part, by certain procedural safeguards for the disabled child and his parents. 20 U.S.C. § 1415(a). However, "[p]rocedural flaws in the IEP process do not always amount to the denial of a FAPE." *L.M. v. Capistrano Unified Sch. Dist.*, 556 F.3d 900, 909 (9th Cir. 2009). Rather, once a court finds a procedural violation of the IDEA, it

---

[1] In March 2011, A.G. was diagnosed with autism.

[2] We have jurisdiction pursuant to 28 U.S.C. § 1291.

"must determine whether that violation affected the substantive rights of the parent or child." *Id.*

First, A.G. argues that the June 2010 IEP meeting did not provide him a FAPE because a general education teacher did not attend the meeting.

We agree that a general education teacher should have attended the meeting because "'IEP Team' means a group of individuals" that includes "not less than 1 regular education teacher of such child (if the child is, or may be, participating in the regular education environment)." 20 U.S.C. § 1414(d)(B)(ii). Nevertheless, this error was harmless because the procedural violation did not "result [ ] in the loss of an educational opportunity, seriously infringe [ ] the parents' opportunity to participate in the IEP formulation process or cause a deprivation of educational benefits." *J.L. v. Mercer Island Sch. Dist.*, 592 F.3d 938, 953 (9th Cir. 2009).

Next, A.G. argues that the school district denied him a FAPE because it did not comply with sections 3001 and 3052 of Title 5 of the California Code of Regulations, which require local education agencies to conduct an functional analysis assessment (FAA) and provide a behavior intervention plan (BIP). We disagree.

A.G.'s claim fails because the FAA and BIP requirements apply only to students with severe behavior problems. Before July 1, 2013,[3] Cal. Code Regs. tit. 5 §§ 3001(ab) & (g), 3052(b), defined a serious behavior problem as a pervasive behavior that is "self-injurious, assaultive, or seriously damaging" to property that the student's IEP has proven ineffective in treating. Here, A.G. does not have a serious behavior problem because he does not seriously damage property, and, more importantly, he does not pose a threat to himself or the safety of others.[4] Furthermore, A.G.'s IEPs were effective because he made progress toward his goals. Accordingly, the school district did not deny A.G. a FAPE by not conducting an FAA or developing a BIP.

Last, A.G. contends that his parents and the IEP team had no way of measuring his progress or determining whether he received a FAPE because the school district did not identify a measurable baseline of his abilities. For example,

---

[3] Assembly Bill 86, which went into effect on July 1, 2013, repealed the FAA and BIP requirements. *See* Assem. Bill 86, 2013-2014 Reg. Sess. (Cal. 2013); Cal. Educ. Code § 56523(a). However, the relevant conduct here occurred prior to July 1, 2013, when the FAA and BIP requirements remained in effect.

[4] We acknowledge the seriousness of the April 2010 suicide attempt incident, even though A.G.'s mother described it as a "misunderstanding." Nevertheless, because this was a single occurrence, it is not evidence of a pervasive behavior issue. Further, the incident was not a serious behavior problem under California law because there is no evidence that A.G.'s IEPs could not effectively remedy the situation.

4

one IEP stated that A.G. has "some difficulty forming age appropriate sentences," and another IEP stated that A.G. "often" shouted out off-topic answers without waiting for the teacher to call on him, but neither IEP defined "some" or "often."

Although the IDEA requires "a statement of measurable annual goals," 20 U.S.C. § 1414(d)(1)(A)(i)(II), it does not requires a statement of quantifiable baselines. Rather, the IDEA requires baselines to contain "a statement of the child's present levels of academic achievement and functional performance." *Id.* § 1414(d)(1)(A)(i)(I). Because A.G. has not demonstrated that the statements of his baseline achievement and performance levels were inaccurate, he has not carried his burden to demonstrate that the school district denied him a FAPE.

**AFFIRMED.**